**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD FELLOWS,<br><br>    Petitioner,<br><br> v.<br><br>J.D. HARTLEY,<br><br>    Respondent. | 1:08-cv-1556-OWW-JMD-HC<br><br>ORDER DENYING RESPONDENT'S REQUEST FOR STAY OR IN THE ALTERNATIVE TEMPORARY STAY (Doc. 21) |

## I. **INTRODUCTION**.

On October 25, 2010, the Court adopted in part and revised in part the Magistrate Judge's Findings and Recommendation and granted Petitioner's writ of habeas corpus. (Doc. 19). The order granting the petition for writ of habeas corpus directed the California Board of Parole Hearings ("Board") to conduct a new parole hearing consistent with applicable California law within 30 days of the finality of the Court's October 25, 2010 order. (Id.).

On October 27, 2010, Respondent filed a notice of appeal and a request to stay the court's order in order to allow time for Respondent to seek a stay in the Ninth Circuit. (Docs. 21, 22).[1]
///

---

[1] Respondent requested an expedited ruling in the body of its motion but failed to comply with the applicable local rules. *See* E.D. Cal. R. 144.

**1**

## II. **LEGAL STANDARD**.

Pursuant to Federal Rule of Civil Procedure 62(c), a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Resources Defense Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's exercise of jurisdiction should not materially alter the status of the case on appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *Southwest Marine*, 242 F.3d at 1166. Rule 62(c) provides, in pertinent part:

> (c) Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .

Fed. R. Civ. P. 62(c).

"A party seeking a stay of a lower court's order bears a difficult burden." *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1994). District courts consider four factors in ruling on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *United States v. 1020 Elect. Gambling Mach.*, 38 F. Supp. 2d 1219, 1220

**2**

(E.D. Wash. 1999); *Overstreet ex rel. NLRB v. Thomas Davis Medical Ctrs., P.C.*, 978 F. Supp. 1313, 1314 (D. Ariz. 1997); *Texaco Ref. & Mktg. v. Davis*, 819 F.Supp. 1485, 1486 (D. Or. 1993); *Miller v. Carlson*, 768 F.Supp. 1341, 1342 (C.D. Cal. 1991). "This standard for evaluating the desirability of a stay pending appeal is quite similar to that which the Court employ[s] in deciding to grant [a] preliminary injunction." *Miller*, 768 F.Supp. at 1342 (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). With respect to irreparable injury, speculative injury does not constitute irreparable injury. *See Goldie's Bookstore v. Superior Ct.*, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. *See Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). In evaluating the harm that will occur depending upon whether the stay is granted, a court may consider: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

### III. **DISCUSSION**.

Respondent has not carried its burden of establishing entitlement to a stay. First, Respondent fails to establish "a strong likelihood of success on appeal." *See Hilton*, 481 U.S. at 778. Respondent's argument that no clearly established federal law requires parole denials in California to be supported by "some evidence" has been rejected repeatedly by the Ninth Circuit. *See, e.g., Pearson v. Muntz*, 606 F.3d 606, 610 (9th Cir. 2010) (granting petitioner relief under AEDPA review where parole denial was not

**3**

supported by some evidence); *see also Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010).

Second, Respondent fails to demonstrate it will suffer irreparable injury absent a stay. Respondent argues that it faces a risk of irreparable injury because (1) if the Board complies with the court's order and finds petitioner suitable for parole, Respondent's appeal will become moot, and (2) the court's order is unclear as to whether Petitioner must be released without affording the Governor an opportunity to conduct his review of the Board's decision. (Motion at 6-7). With respect to Respondent's first argument, Respondent's conclusory supposition that a finding of suitability "may" render Respondent's appeal moot is insufficient to warrant a stay. With respect to Respondent's second argument, the order granting the petition for writ of habeas corpus does not implicate the Governor's review authority.[2] Respondent's speculative claims of irreparable injury are insufficient to justify a stay. *Goldie's*, 739 F.2d 466 at 472.

Third, Respondent has not sufficiently shown that Petitioner will not be harmed. While Respondent is correct that Petitioner is serving an indeterminate life term, "for which he is seeking early release on parole," (see Doc. No. 21 at 8), delaying vindication of Petitioner's constitutional rights after a successful habeas

---

[2] The relevant portion of the order provides: "The California Board of Parole Hearings shall, within 30 days of the finality of this decision, conduct a new parole hearing consistent with Lawrence and Prather to determine if Petitioner currently poses an unreasonable risk of danger to society if released on parole. In the absence of any such evidence and in accordance with California law, the Board shall grant Petitioner parole and calculate a release date for Petitioner. Within 10 days of Petitioner's hearing, Respondent must file a notice with the Clerk of Court updating the Court on outcome of the hearing and submitting transcript of the hearing for the Court's review." (Doc. 19 at 9-10).

**4**

petition would not only constitute a substantial injury to Petitioner, but also extend the constitutional violation Petitioner has suffered. *See Mezhbein v. Salazar*, 2008 WL 1908533, *3 (C.D. Cal. April 27, 2008) (stating, "[a] stay pending appeal will substantially harm Petitioner . . . if the stay is granted Petitioner will face a prolonged period of continued incarceration when the Court has already determined that the denial of parole was not supported by the evidence.  There can be no doubt that a stay will substantially injure Petitioner").

Finally, Respondent has not sufficiently shown that the public interest clearly lies in favor of a stay.  As the Ninth Circuit noted in *Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003), "the public has an interest in rewarding an inmate's rehabilitation and positive conduct."  Accordingly, Respondent has not adequately met its "difficult burden" of showing that a stay of this Court's order is necessary.  *See Hilton*, 481 U.S. at 776; *Private Sanitation*, 44 F.3d at 1084.

**ORDER**

For the reasons stated, IT IS HEREBY ORDERED that:

(1) Respondent's request for stay is DENIED; and

(2) Respondent's request for a temporary stay is DENIED.

IT IS SO ORDERED.

**Dated:   November 24, 2010**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE

**5**